## Sarah Shea, Administratrix, etc., for the use of Mary A. Gibson, v. Luke Doyle et al.

## Sarah Shea, Administratrix of Patrick Murphy, v. Mary Ann Gibson.

1. NEGOTIABLE INSTRUMENTS—*Presumptions of Ownership—Possession.*—A note payable to the order of a deceased person and not indorsed by him is *prima facie* one of the assets of his estate, and the mere unexplained possession of the same is not sufficient to rebut the presumption of ownership.

2. WITNESS—*Competency of Administrator.*—Where an administratrix is suing to recover money in the hands of an officer of the court which she claims as an asset of her intestate, and the contestant claims the money as a donee of such intestate, such contestant is the adverse party within the meaning of the statute, and the administratrix is a competent witness.

**Administration of Estates.**—Appeal from the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

EDWARD J. KELLY and BEN. F. BRADY, attorneys for appellant.

The note being payable to the order of the deceased, and not having been indorsed or assigned, is, *prima facie,* an asset of his estate. Barnum v. Reed, 136 Ill. 388.

The possession of a note payable to bearer or indorsed in blank, is *prima facie* evidence of property. But the presumption of *bona fide* ownership does not apply when the instrument is not payable to bearer, unless it is indorsed specially to the holder or in blank. 1 Daniel on Negotiable Instruments (2d Ed.), page 662, Sec. 812.

The possession of a note, not payable to bearer, nor indorsed in blank, by a third person, is no evidence of ownership. Dorne v. Parsons, 56 Mo. 601; Nicholas v. Gross, 56 Ohio St. 425.

At common law the possession of a note payable to order without the payee's indorsement, is not *prima facie* evidence of title in the owner; such holder must prove his title. 2 Randolph on Commercial Paper (1st Ed.), Sec. 792.

Where a confidential relation exists between donor and donee, as parent and child, the burden of proof is on the donee to show that the gift was free and voluntary. Boyd v. De la Montague, 73 N. Y. 498; Scott v. Reed, 153 Pa. St. 398; Woodbury v. Woodbury, 141 Mass. 329.

Where the title to a note is disputed the burden of proving the same is on the holder. Atlas Bank v. Doyle, 9 R. I. 76; Monroe v. Cooper, 5 Pick. (Mass.) 412.

One having an interest in a fund which is in court will be

Shea v. Doyle.

permitted to intervene and set up his interest, and, if equity so requires, his rights to the fund will be protected. Phillips v. Blatchford, 26 Ill. App. 606; Walker v. Gibson, 37 Ill. App. 335; Ill. Trust & Savings Bank v. Robin, 38 Ill. App. 575; McLean County Bank v. Flagg, 31 Ill. 290.

Under the issue as made up by the pleadings it was incumbent on the appellee to establish her title to the gift by competent evidence. Cummings v. Cummings, 15 Ill. 34; Stark v. Hillibert, 19 Ill. 343.

O'Conor, Duncan & Haskins, attorneys for appellee.

Possession, unattended by circumstances which ought to excite suspicion or distrust, is *prima facie* evidence of title to a promissory note. McConnell v. Hodson, 2 Gilm. 640; Ransom v. Jones, 1 Scam. 291; Palmer v. Gardner, 77 Ill. 146; Jewell et al. v. Cook, 81 Ill. 263; Garvin v. Wiswell, 83 Ill. 218.

Mr. Justice Crabtree delivered the opinion of the Court.

This was a proceeding in the County Court of La Salle County upon a petition filed by appellant as administratrix of the estate of Patrick Murphy, deceased, asking to have the proceeds of a certain judgment rendered in said court in her favor as administratrix of said estate, but for the use of Mary A. Gibson, turned over to her as a part of the assets of said estate. The judgment was entered on February 23, 1895, for the sum of $683.46 and costs of suit, against Luke Doyle and Ann Doyle, upon a promissory note executed by them October 28, 1892, for the sum of $600, payable to the order of said Patrick Murphy three months after date thereof. It is alleged in the petition that Patrick Murphy died intestate December 10, 1893, and that letters of administration on his estate were duly issued to the petitioner; that at the time of his death said Murphy was the owner of the note above described; that two days before his death he sent appellee, Mary A. Gibson, with said note to the makers thereof for the purpose of collecting the same; that said Gibson did not collect the note, but retained possession of it, and re-

fused to deliver up the possession of the same to petitioner; that she shortly thereafter removed to her home in Grand Mound, Clinton county, Iowa, and took said note with her; that petitioner wrote several letters to said Gibson, demanding a return of said note, which demands were refused; avers that the note was not indorsed or assigned to said Gibson, and not given into her possession for the purpose of transferring or assigning the same to her, nor to give her any beneficial interest therein, but simply for the purpose of collecting the same for said Patrick Murphy; that said Mary A. Gibson commenced suit on said note in the County Court of La Salle County in the name of petitioner as administratrix of the estate of said Patrick Murphy, deceased, as plaintiff, but for the use of said Mary A. Gibson, and that said suit was commenced without the knowledge, consent, or authority of petitioner. That the judgment has been collected and the proceeds thereof are in the hands of Charles J. Yookey, sheriff of said La Salle county. That said proceeds are assets of the estate of Patrick Murphy, deceased, and petitioner, as such administratrix, is entitled to have the same paid to her.

The answer of Mary A. Gibson denies most of the allegations of the petition and sets up a title and ownership in the note, as a gift to her by her father in his lifetime. Evidence was heard by the court, and an order entered dismissing the petition. From that order the appellant prosecutes her appeal to this court.

It is not claimed that the note in question was ever indorsed to appellee by Patrick Murphy, the payee thereof. Nor is there any satisfactory proof in the record it was ever given to her by him.

It is insisted by counsel for appellee that the possession of the note by her was *prima facie* evidence of her ownership, and that the burden of showing the contrary was upon appellant as administratrix. The court below so held. In this we think there was error. The note being payable to the order of deceased, and never having been indorsed by him, it was *prima facie* one of the assets of his estate, and the mere unexplained possession thereof by the appellee

was not sufficient to rebut this presumption of ownership. Barnum v. Reid, 136 Ill. 388.

The burden, therefore, rested upon appellee to show that the title and beneficial interest in the note passed to her from her father. Ib. 395.

So far as the proofs go as set forth in the bill of exceptions, they tend to rebut the claim that there was any gift of the note to appellee by said Patrick Murphy.

We think the court erred also in refusing to allow the administratrix to testify as a witness in the cause.

Appellee was not suing or defending as an heir, legatee or devisee, but in her own right, as a donee, was defending against the claim of the administratrix. Appellant was suing as administratrix, to recover money in the hands of an officer of the court, which she claimed was an asset of her intestate. Appellee and not appellant was the "adverse party" within the meaning of the statute, and we think the latter was a competent witness in her own behalf. I. C. R. R. Co. v. Reardon, Admr., 157 Ill. 378.

Under the first exception to Sec. 2, Chap. 51, Starr & Curtis Statutes, 1075, any of the parties in interest "may testify to facts occurring after the death of such deceased person," and yet the court would not allow appellant to testify even as to such matters. Appellant was asked this question : "Mrs. Shea, if there was any conversation held between you and Mrs. Gibson, in the presence of Mrs. Cunnigan and your brother, Thomas Murphy, on the day of your father's funeral, state what that conversation was." But on objection to the competency of the witness the court held that "all heirs and interested parties are incompetent to testify in this case." What the answer might have developed had the court permitted it, of course we can not know, but if it was a conversation in relation to the note in controversy and its disputed ownership, we think not only Mrs. Shea, but also Mrs. Cunnigan and Thomas Murphy, if called on behalf of the administratrix, were clearly competent.

For the errors indicated, the judgment must be reversed and the cause remanded.